# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

IN RE ANDY AND STEPHANIE HOWARD,

    Bankruptcy Case Number
    17-83536-CRJ-13

    Debtors,

ANDY AND STEPHANIE HOWARD,

    Plaintiffs,

    Adversary Proceeding No.

v.

STATE OF ALABAMA DEPARTMENT OF REVENUE

    Defendant.

## COMPLAINT

The debtors in this bankruptcy case and plaintiffs in this adversary proceeding, Andy and Stephanie Howard ("the Howards"), make the following allegations in their complaint against the defendant, the State of Alabama Department of Revenue ("Department of Revenue").

### Parties, Jurisdiction, and Nature of Action

1. The Howards are the debtors in the above-referenced Chapter 13 bankruptcy case which was commenced on November 30, 2017. The Department of Revenue is a corporation organized and existing under the laws of the State of Alabama. At all times material to this complaint, the Department of Revenue regularly and systematically conducted business in the State of Alabama, and, in particular, within that portion of the State of Alabama lying within this court's district and division. The Howards did business with the Department of Revenue within this district and division, and it is these business transactions that give rise to this litigation.

2. The Department of Revenue is listed as a creditor on Schedule D and Schedule E filed by the Howards. The Department of Revenue is scheduled to be paid in full as an unsecured priority creditor through the Chapter 13 plan.

3. Despite having both notice and actual knowledge of the commencement of the Howards' bankruptcy case, the Department of Revenue sent a "Notice of Final Assessment of Individual Income Tax" to the Howards post-petition. The debtors argue this notice was violative of 11 U.S.C § 362(A)(3) and (A)(6), in that the notice was an "act to obtain possession of property of the

1

estate or of property from the estate or to exercise control over property of the estate" or an "act to collect" a debt.

4. The Howards bring this action to recover actual damages sustained as a result of the Department of Revenue's willful violation of the Automatic Stay in this case and to recover punitive damages from the Department of Revenue for that violation.

5. The debtor contends that the notice sent by the Department of Revenue was a violation of the Automatic Stay. The communication by the Department of Revenue was **not** informational only. The notice states "**BALANCE NOW DUE**," in the amount of $964.84 including tax, interest, estimate penalty, and a negligence penalty for the fiscal year ending 12/31/2014. (See Exhibit A). It should be noted, that the Department of Revenue filed **5** Proofs of Claim in the debtor's case **prior** to sending the collection correspondence, including Proof of Claim number 11, for 2014, the very year indicated in the collection letter sent by the Department of Revenue.

6. The debtors argue that the notice sent by Department of Revenue overtly demands payment and has the effect of coercing payment. *See Connor v. Countrywide Bank, N.A. (In re Connor)*, 366 B.R. 133, 137-38 (Bankr.D.Haw.2007). The coercive nature of the notice is pervasive throughout the statement. The arrangement and display of the information is very telling as to the Department of Revenue's intent. The debtors argue the correspondence is clearly an overt and coercive attempt to collect, violative of 11 U.S.C. §362. The Department of Revenue made a conscious decision to intentionally pressure the debtor. It was not an accident, oversight, or computer error. It was an "attempt to collect" by the Department of Revenue, plain and simple. Further, the Department of Revenue's attempted disclaimer buried on the **back** of the original document attempts to put the burden on the debtors to contact the Department of Revenue with bankruptcy information. The burden is on the creditor to not violate the stay – not the debtor. The Department of Revenue received notice as is evidenced by their filing of multiple claims in the case. It is absurd that they would try and shift this burden to the debtor. It smacks of non-caring arrogance and shows a complete disregard for automatic stay provisions embodied in Title 11.

7. This adversary proceeding arises in a case under Title 11 of the United States Code, and it is a core proceeding since it concerns the administration of the Howards' estate, requests the return of property of the estate, and affects the adjustment of the debtor-creditor relationship between the Howards and the Department of Revenue. Consequently, this is a core proceeding, and this court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), and (O), and 28 U.S.C. §1334(b).

## Claim – Violation of the Automatic Stay

8. The Howards incorporate by reference the allegations in paragraphs one through three of this complaint.

9. As a result of the Department of Revenue filing claims in the Howards' case, the Department of Revenue had both notice and actual knowledge of both the commencement of, and all the proceedings in, the Howards' bankruptcy case. The Department of Revenue filed a proof of claim for the tax year of 2014 in the Howards' case on February 23, 2018 in the amount of $958.98 for Individual Income Tax (12/31/2014).

10. Pursuant to §362(a) of the Bankruptcy Code, the commencement of the Howards' bankruptcy case gave rise to the Automatic Stay which, among other things, prohibited the Department of Revenue from attempting to obtain possession of property of the estate or of property from the estate or to exercise control over the estate or attempting to collect a debt.

11. Despite the imposition of the Automatic Stay by the commencement of this case and despite having both notice and actual knowledge of the commencement of this case, the Department of Revenue sent, or caused to be sent, to the Howards a document styled "Notice of Final Assessment of Individual Income Tax" that was unequivocally intended to obtain possession of property of the estate or of property from the estate or to exercise control over the estate or collect a debt. Clearly, the Department of Revenue has non-existent or grossly inadequate systems and procedures in place to prevent such stay violations from occurring on a widespread basis.

12. The actions of the Department of Revenue violate 11 U.S.C § 362(A)(3) and 11 U.S.C. §362(A)(6) as set forth in this complaint.

13. The Howards have sustained, and continue to sustain, injury and damage as a result of the Department of Revenue's violation of the Automatic Stay.

14. The Department of Revenue's actions evince contempt and distain for this court, the orders it issues, and the protection afforded by Title 11 of the United States Code. The debtors are concerned that the notices sent by the Department of Revenue are endemic, pervasive, and commonplace.

15. Under 11 U.S.C. §362(k)(1), the Howards are entitled to an award of compensatory damages, including costs and attorney's fees, and punitive damages against the Department of Revenue for its willful violation of the automatic stay. The debtors were greatly upset by the Department of Revenue's specific threat to "record a tax lien and initiate collection procedures." This court should consider encouraging the Department of Revenue to take a "fresh look" at its internal procedures to ensure that they are designed to prevent violations of 11 U.S.C. §362. *See*

*McLean v. Green Point Credit LLC (In re McLean)*, No. 12-11045-WRS, 2013 WL 5963358, at *4 (Bankr.M.D.Ala Nov.8, 2013).

**WHEREFORE**, the Howards ask this court to enter an order:

(A) Awarding the Howards compensatory damages against the Department of Revenue, including the reasonable attorney's fees and costs incurred by the Howards in the preparation and prosecution of this adversary proceeding;

(B) Imposing coercive sanctions in favor of the Howards and against the Department of Revenue for its willful violation of the Automatic Stay, such damages being intended to instill in the Department of Revenue and other creditors due respect for this court and its orders and to deter them from taking similar action against the Howards and similarly situated debtors in the future;

(C) Voiding the tax debt owed by the Howards to the Department of Revenue in its entirety.

(D) Granting the Howards any additional or different relief this court deems appropriate.

Dated: 09/07/2018

Respectfully submitted

/s/ John C. Larsen_____
John C. Larsen
Attorney for the debtor/plaintiff

OF COUNSEL:
LARSEN LAW P.C.
1733 Winchester Road
Huntsville, Alabama 35811
(256) 859-3008
john@jlarsenlaw.com